UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE MARIE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITY HEALTH CARE, INC. et al., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-1486 (JDB) |

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Unity Health Care, Inc. and Upper Cardozo Health Center,[1] by and through the undersigned counsel, respectfully move this Court to dismiss the above-captioned complaint pursuant to Fed. R. Civ. P. 12(b)(1).  In support of this Motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Plaintiff, who is proceeding pro se should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the Plaintiff submits her own affidavit or other documentary evidence contradicting the assertions therein.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

Furthermore, should this Court treat the Defendants' motion as one for summary judgment because of the document attached, the Federal Rules of Civil Procedure provide:

---

[1] On August 28, 2006, Defendants filed a motion to substitute the United States as the proper defendant.  Plaintiff failed to respond to this motion in the time allotted by this Court's local rules.  See LCvR 7(b) (requiring an opposition to a motion be filed "[w]ithin 11 days of the date of service . . . .").  On October 10, 2006, the Court issued an Order advising Plaintiff that if she did not respond to Defendants' motion, the Court would treat the motion as conceded.  [Dckt. Entry #7.]  Plaintiff filed a response to the Defendants' motion on October 23, 2004.  [Dckt Entry #10], to which Defendants replied on October 27, 2006.  At this time, the Court has not ruled on Defendants' motion.

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) ("pro se party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

        Respectfully submitted,

          /s/ Jeffrey A. Taylor
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

          /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. BAR #  434122
        Assistant United States Attorney

          /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W. – Room E4212
        Washington, D.C. 20530
        (202) 514-7139
        COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE MARIE WILLIAMS, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>UNITY HEALTH CARE, INC. et al., )<br>)<br>        Defendants. )<br>_____) | Civil Action No. 06-1486 (JDB) |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Unity Health Care, Inc. and Upper Cardozo Health Center,[1] by and through the undersigned counsel, hereby submit their memorandum of law in support of their Motion to Dismiss, or in the alternative, for Summary Judgment.

**I.    NATURE OF THE CLAIM**

Plaintiff Joyce Marie Williams ("Plaintiff") alleges that she suffered injuries when she went to Unity Health Care ("Unity") for dental treatment. (Compl.) Specifically, Plaintiff contends that she went to Unity and saw Dr. Shelby due to pain she was feeling. Id. Dr. Shelby allegedly told Plaintiff that the hole in her mouth, presumably from a prior surgery, was not healing properly due to the presence of bone fragments in the hole. Id. Plaintiff states that Dr.

---

[1] On August 28, 2006, Defendants filed a motion to substitute the United States as the proper defendant. Plaintiff failed to respond to this motion in the time allotted by this Court's local rules. See LCvR 7(b) (requiring an opposition to a motion be filed "[w]ithin 11 days of the date of service . . . ."). On October 10, 2006, the Court issued an Order advising Plaintiff that if she did not respond to Defendants' motion, the Court would treat the motion as conceded. [Dckt. Entry #7.] Plaintiff filed a response to the Defendants' motion on October 23, 2004. [Dckt Entry #10], to which Defendants replied on October 27, 2006. At this time, the Court has not ruled on Defendants' motion.

Shelby removed the rest of the bone and told her that her mouth should heal afterwards. Id. In her complaint, Plaintiff states that she would "love to change the amount to $60.00," which presumably refers to the amount of money she would like to pay for Dr. Shelby's services. Id.

Plaintiff filed her complaint in the Superior Court for the District of Columbia on May 18, 2006.[2] Defendants removed this action to this Court on August 22, 2006. Defendants subsequently filed a motion to substitute the United States as the proper defendant in this matter, which Plaintiff opposed. Defendants' motion to substitute remains pending at this time.

## II.   STANDARD OF REVIEW

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dismissal is proper because the Court lacks subject-matter jurisdiction over Plaintiff's claim because Plaintiff has failed to comply with the Federal Torts Claim Act's ("FTCA") jurisdictional requirements. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). In addition, when determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings without converting the motion into one for summary

---

[2] Although Plaintiff has titled her complaint her "Amended Complaint," Defendant is not in receipt of any complaint filed prior to the May 18, 2006 complaint.

judgment. See Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

## III.    ARGUMENT

### A.    THE UNITED STATES IS THE PROPER DEFENDANT IN THIS MATTER.

To the extent that Plaintiff alleges a tort claim against the United States, her sole course of action is to pursue her claim pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, et seq. The FTCA provides for the substitution of the United States as the exclusive defendant whenever federal employees are sued for common law tort claims arising out of actions taken within the scope of their federal employment. 28 U.S.C. § 2679(b)(1). By operation of the Public Health Services Act, 42 U.S.C. § 233, as amended by the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), Unity Health Care, Inc. and Upper Cardozo Health Center are deemed to be employees of the federal government for purposes of the FTCA. Therefore, the United States is properly the sole defendant in this action. 28 U.S.C. § 2679(b)(1); see also Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) ("The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individuals or the particular government agencies.") (citations omitted). Moreover, once substituted, all provisions and exclusions of the FTCA apply as if the United States were sued in the first instance. 28 U.S.C. § 2679(d)(4). See also H. Rep. 100-700, 100th Cong. 2d Sess., reprinted at 1988 U.S. Code Cong. & Ad. News 5945-55.

> B.  **THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.**

The United States is immune from suit except as it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983). The terms of its consent define a court's jurisdiction to hear suits. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA is a waiver of the United States' immunity to tort suits, however, a plaintiff must meet the necessary jurisdictional prerequisites to perfect a claim under the FTCA. In order to exhaust her administrative remedies under the FTCA, Plaintiff must have presented the agency with "'(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim,' and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim." Edmonds v. United States, 436 F. Supp. 2d 28, 33 (D.D.C. 2006) (quoting GAF Corp., 818 F.2d at 904). Failure to comply with either of these jurisdictional prerequisites deprives the Court of subject matter jurisdiction. Nichols v. Truscott, 424 F. Supp. 2d 124, 135 (D.D.C. 2004) (citations omitted). Plaintiff has failed to comply with either of the FTCA's jurisdictional requirements and therefore her claim should be dismissed.

> 1. **Plaintiff Has Failed to Submit An Administrative Claim.**

Plaintiff has failed to submit an administrative claim to the agency, and therefore her claim should be dismissed. According to the attached Declaration of Richard G. Bergeron, Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services ("Bergeron Decl.") (attached as Exhibit 1), the Department of Health and Human Services "has a Claims Branch that maintains a computerized database" that

reflects "administrative tort claims filed with the Department, including those filed with respect to federally supported health centers . . . ." (Bergeron Decl. ¶ 2.) A search of the Claims Branch's database "found no record of an administrative tort claim filed by Joyce M. Williams, or her authorized representative relating to the health center, or Dr. Reginald Shelby." (Id. ¶ 4.) Indeed, Plaintiff does not contend that she ever submitted any claim prior to filing this lawsuit.

Plaintiff's failure to file an administrative claim is fatal to her claim in this Court. As this Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine . . . the jurisdictional FTCA filing requirement is not subject to equitable waiver." Hohri v. United States, 782 F.2d 227, 245 (D.C. Cir. 1987), rev'd on other grounds, 482 U.S. 64 (1987); see also Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim). Because she never filed a claim with the proper agency, Plaintiff's claim cannot be heard by the Court and must be dismissed.

### 2. Plaintiff Has Failed to Allege a "Sum Certain" That She Seeks to Recover.

In addition to timely filing a claim, Plaintiff's claim must be made for a "sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]" 28 C.F.R. § 14.2(a). "The reason for the sum certain requirement is that if the agency knows exactly what the claimant seeks, prelitigation settlement will more likely result." Founding Church of Scientology v. Director, F.B.I., 459 F. Supp. 748, 755 (D.D.C. 1978).

Plaintiff fails to allege a "sum certain" that she is seeking to recover in this matter. Rather, she states in her complaint that she would "love to change the amount due to $60.00."

5

(Compl.)  By this request, Plaintiff appears to seek a reduction in the amount being charged to her for her dental services.  This is not a "sum certain" for purposes of the FTCA.  See, e.g., Blakely v. United States, 276 F.3d 853, 865 (6th Cir. 2002) (holding that a demand for the return of property seized by the government was "not tantamount to presenting a proper FTCA claim.") (citations omitted); Kendall v. Watkins, 998 F.2d 848, 852 (10th Cir. 1993) (holding that series of letters plaintiff sent to agency that "generally outlined the type of relief plaintiff wanted, i.e., reinstatement, back pay, front pay, damages for alleged blacklisting and disciplinary action against certain federal employees . . ." failed to "state[ ] a claim for a sum certain."); Stokes v. U.S.P.S., 937 F. Supp. 11, 15 (D.D.C. 1996) (holding that plaintiff's reference to her hotel bills and her request for a salary advancement failed to "provide a sum-certain amount for damages, as required by 28 U.S.C. [s]ection 2675(a).").  See also Bowden v. United States, 106 F.3d 433, 441 (D.C. Cir. 1997) (holding that dismissal of FTCA claim was warranted where the plaintiff "never informed the INS of the amount of damages he sought . . . .").

Because Plaintiff has neither presented an administrative claim nor demanded a sum certain, her claim must be dismissed for failure to exhaust administrative remedies.  See GAF Corp. v. United States, 818 F. 2d 901, 904 (D.C. Cir. 1987) ("absent full compliance with the conditions . . . placed upon [the United States'] waiver [of sovereign immunity], courts lack jurisdiction to entertain tort claims against it.") (emphasis added).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss this action in its entirety.

        Respectfully submitted,

        /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

        /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

        /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2006, a copy of the foregoing Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, and the supporting Memorandum of law, was served by mail, first class and postage pre-paid, on the following:

> Joyce Marie Williams  
> 2515 Savannah Street, S.E.  
> Washington, DC 20020

> Joyce Marie Williams  
> 2527 Savannah Street, S.E.  
> Apt. 21  
> Washington, DC 20020[3]

> /s/ Michelle N. Johnson  
> MICHELLE N. JOHNSON, D.C. BAR # 491910  
> Assistant United States Attorney  
> 555 4th St., N.W.  Room E4212  
> Washington, D.C. 20530  
> 202-514-7139

---

[3] The pro se plaintiff contacted the undersigned counsel to state that the address listed on the Court's ECF system is inaccurate and to provide the accurate address. The undersigned counsel advised plaintiff that she should alert the Court of her change of address to ensure that she timely receives future pleadings and orders in this matter.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE MARIE WILLIAMS,         )<br>                              )<br>         Plaintiff,           )<br>                              )      Civil Action No. 06-1486 (JDB)<br>                              )<br> v.                           )<br>                              )<br> UNITY HEALTH CARE, INC. et al.,)<br>                              )<br>         Defendants.          )<br>_____) | |

ORDER

UPON CONSIDERATION of Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, the opposition thereto, and good cause having been shown, it is this _____ day of _____, 2006,

ORDERED that Defendants' motion is hereby GRANTED. And it is further

ORDERED that this action is hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE