UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 6 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOYCE MARIE WILLIAMS, *pro se*,

Plaintiff,

v.

UNITY HEALTH CARE, INC., et al.,

Defendants.

Civil Action No. 06-1486 (JDB)

## ORDER

Plaintiff Joyce Marie Williams ("Williams"), acting pro se, brought this action in the Superior Court of the District of Columbia complaining of allegedly negligent dental care provided by defendants Unity Health Care, Inc. ("Unity Health Care") and Upper Cardozo Health Center, one of Unity Health Care's health centers.[1]  Defendants removed the matter to this Court and thereafter filed a motion to substitute the United States as the sole party defendant.  Williams opposes this motion.

The Public Health Service ("PHS") Act, 42 U.S.C. § 233, provides that an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, is the exclusive remedy for damages for personal injury resulting from the performance of medical, surgical, dental, or related functions by any PHS employee acting within the scope of employment.  § 233(a); El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health &

---

[1] The Court previously granted plaintiff's motion to dismiss all claims against individual defendant Dr. Reginald Shelby, D.D.S.  See Williams v. Unity Health Care, Inc., 06-cv-1486 (D.D.C. Oct. 10, 2006) (Minute Order).

-1-

Human Servs., 396 F.3d 1265, 1267-68 (D.C. Cir. 2005). The Secretary of the Department of Health and Human Services ("HHS") has the authority to deem a public or non-profit private entity receiving federal funds an employee of PHS for purposes of the PHS Act's exclusive-remedy provision. § 233(g)(1)(A). Furthermore, the "deeming of any entity . . . to be an employee of the Public Health Service for purposes of [the PHS Act] shall apply with respect to services provided . . . to all patients of the entity." § 233(g)(1)(B).

Defendants have submitted a letter from HHS that deems Unity Health Care an employee of PHS for the period of January 1, 2006, through December 31, 2006. See Defs.' Mot. Substitute Ex. B. This letter also serves as certification that Unity Health Care was acting within the scope of PHS employment with respect to the allegedly negligent services provided to Williams as a patient of Unity Health Care. See § 233(g)(1)(B). This certification is "final and binding upon" the "Attorney General and other parties to any civil action or proceeding." § 233(g)(1)(F). Under the terms of the Westfall Act, once a defendant has been certified by the Attorney General or his designee as a federal employee acting within the scope of employment at the time of the alleged conduct, "the United States shall be substituted as the party defendant" and the action will be deemed an action against the United States under the FTCA. 28 U.S.C. § 2679(d)(2); 28 C.F.R. § 15.4 (2006); see also Haddon v. United States, 68 F.3d 1420, 1423 (D.C. Cir. 1995). Therefore, the United States will be substituted as the party defendant in this action.

Upon consideration of the defendants' motion to substitute, and the entire record herein, it is this 3rd day of November, 2006, hereby

**ORDERED** that defendants' motion to substitute is **GRANTED**, and it is further

**ORDERED** that the United States is substituted as the sole party defendant in this action.

**SO ORDERED.**

_____
JOHN D. BATES
United States District Judge