UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE MARIE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06-1486 (JDB) |

### DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, The United States of America,[1] by and through the undersigned counsel, hereby submits its Reply brief in further support of its Motion to Dismiss, or in the Alternative, for Summary Judgment.

Plaintiff has filed an opposition to the Defendant's motion in which she states that Upper Cardozo Health Care Center did "not have anything to do with [her] mouth," and Dr. Vemuri is responsible for her damages and should be held liable to Plaintiff. Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Pl.'s Opp'n") at 1.[2] She further contends that she has been to the District of Columbia Superior Court seven times and to the federal court seven times, and appears to have also been to the small claims division, in an attempt to recover for her claims. Id. The one vital fact that Plaintiff does not allege, and which she was required to do, was to file an administrative claim with the health care

---

[1] On November 6, 2006, the Court granted Defendant's motion to substitute the United States as the sole defendant in this action.

[2] Plaintiff has also now expressed that her claim for damages is in the amount of $60,000. Pl.'s Opp'n at 1.

center where she was treated.  This sole but essential fact precludes her from recovering in this action.

As a common law tort claim, Plaintiff's suit, by necessity, must be brought pursuant to the Federal Tort Claims Act ("FTCA"), which provides a limited waiver of the sovereign immunity of the United States.  Eagle-Picher Indus., Inc. v. United States, 937 F.2d 625, 627-28 (D.C. Cir. 1991).  Because the United States has been substituted as the sole defendant, all provisions and exclusions of the FTCA apply as if the United States were sued in the first instance.  28 U.S.C. § 2679(d)(4).  See also H. Rep. 100-700, 100th Cong. 2d Sess., reprinted at 1988 U.S. Code Cong. & Ad. News 5945-55.

The FTCA permits suits against the United States subject to those terms and conditions imposed by the statute, which are to be "strictly construed."  Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999) (citations omitted).  Section 2675(a) of Title 28, U.S.C., specifically provides that an action cannot be maintained in district court under the FTCA "unless the claimant shall have first presented" his administrative claim to the appropriate agency, and the claim has been denied, or six months have passed from the date of filing with the agency.  28 U.S.C. § 2675(a).  Furthermore, 28 U.S.C. § 2401(b) requires that:

> A tort claim against the United States shall be forever barred <u>unless it is presented in writing to the appropriate Federal agency</u> within two years after such claim accrues or unless action is begun <u>within six months after the date of mailing</u>, by certified or registered mail, <u>of notice of final denial of the claim</u> by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).

Courts have recognized that satisfaction of the FTCA's administrative filing requirements are mandatory, jurisdictional prerequisites to filing an action under the FTCA and are not subject

to equitable waiver.  <u>Hohri v. United States</u>, 782 F.2d 227, 245 (D.C. Cir. 1987), <u>rev'd on other grounds</u>, 482 U.S. 64 (1987); <u>see also</u> <u>Simpkins v. District of Columbia</u>, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); <u>Schuler v. United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980) (section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim).  Plaintiff here did not file an administrative claim regarding her injuries.  For this reason, her complaint must be dismissed.

          Respectfully submitted,

           /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

           /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

           /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>8th </u>day of November, 2006, a copy of the foregoing Defendants' Reply Brief in Further Support of Its Motion to Dismiss, or in the Alternative, for Summary Judgment, was served by mail, first class and postage pre-paid, on the following:

>Joyce Marie Williams
>2515 Savannah Street, S.E.
>Washington, DC 20020

>/s/ Michelle N. Johnson
>MICHELLE N. JOHNSON, D.C. BAR # 491910
>Assistant United States Attorney
>555 4th St., N.W.  Room E4212
>Washington, D.C. 20530
>202-514-7139