**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE MARIE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-1486 (JDB) |
| ) | |
| v. ) | |
| ) | |
| UNITY HEALTH CARE, INC. et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**RESPONSE TO PLAINTIFF'S CIVIL STATEMENT**

Plaintiff has filed a "Civil Statement" with the Court in which she requests the Court to hear her case. Plaintiff represents that she had a conversation with the undersigned counsel in which the undersigned counsel told Plaintiff that she "did not have sufficient information" and that she "needed to file a complaint at United [sic] Health Care, Inc., before my case could be heard." Plaintiff contends that she followed the undersigned counsel's "advice" yet the undersigned counsel has still moved for dismissal. Plaintiff has attached what appears to be a customer service questionnaire from Unity Health Care in which she has detailed the actions leading to the present suit.

The undersigned counsel never provided Plaintiff with any legal advice. Plaintiff contacted the undersigned counsel <u>after</u> the motion for dismissal had been filed to ask the basis for the dismissal. The undersigned counsel repeatedly informed Plaintiff that the undersigned counsel could not provide Plaintiff with legal advice because she was not Plaintiff's attorney. Rather, the undersigned counsel told Plaintiff that she should return to Bread for the City for legal advice, which is where Plaintiff indicated she had previously discussed her case. In addition, the undersigned counsel attempted to explain to Plaintiff that the reason dismissal had

been requested was due to Plaintiff's failure to exhaust her administrative remedies, i.e., to file a proper administrative claim against the healthcare center prior to initiating a lawsuit. However, the undersigned counsel stressed that Plaintiff should take the pleadings in this matter to a lawyer to discuss their meaning, as it appeared that Plaintiff did not understand the basis for dismissal. As stated in Defendant's Memorandum in Support of its Motion to Dismiss or for Summary Judgment, pursuant to the Federal Torts Claim Act, Plaintiff is required to exhaust her administrative remedies prior to filing a lawsuit in this Court by filing a claim with the "appropriate Federal agency." 28 U.S.C. § 2401(b). Failure to file such a claim mandates the dismissal of this action.

        Respectfully submitted,

          /s/ Jeffrey A. Taylor
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

          /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

          /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W. – Room E4212
        Washington, D.C. 20530
        (202) 514-7139
        COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November, 2006, a copy of the foregoing Response to Plaintiff's Civil Statement was served by mail, first class and postage pre-paid, on the following:[1]

>Joyce Marie Williams
>2515 Savannah Street, S.E.
>Washington, DC 20020

>  /s/ Michelle N. Johnson
> MICHELLE N. JOHNSON, D.C. BAR # 491910
> Assistant United States Attorney
> 555 4th St., N.W.  Room E4212
> Washington, D.C. 20530
> 202-514-7139

---

[1] Despite informing the undersigned counsel that her address was not accurately reflected on the Court's electronic system, it appears that Plaintiff has not changed her address. Therefore, the undersigned counsel will continue to address mailings to the address reflected on the Court's system.