UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOYCE MARIE WILLIAMS, pro se,

Plaintiff,

v.

UNITED STATES,

Defendant.

Civil Action No. 06-1486 (JDB)

## MEMORANDUM OPINION

This action is before the Court following removal from the Superior Court of the District of Columbia. Plaintiff Joyce Marie Williams ("Williams"), appearing pro se, alleges pain and suffering incurred during a series of dental procedures provided by Unity Health Care, Inc. at Upper Cardozo Health Center. Defendant United States now moves to dismiss this action or, in the alternative, for summary judgment. The Court concludes that it lacks subject-matter jurisdiction over this action because Williams failed to exhaust her administrative remedies. Hence, defendant's motion to dismiss will be granted.

### BACKGROUND

Williams saw Dr. Syatha Vemuri, DDS at a Unity Health Care facility for dental work on March 9, 2006, March 16, 2006, and April 25, 2006.[1] Pl.'s Civil Statement at 7. During the first and second visits, Dr. Vemuri removed a total of two teeth from Williams' mouth. Id. Williams

---

[1] Neither Dr. Vemuri nor this particular Unity Health Care facility were ever named by Williams as defendants in this action.

alleges that, during the second visit, her tooth was broken during its extraction, causing her "unusual pain" and preventing proper healing. Id. At a later date, Williams went to Upper Cardozo Health Center, another Unity Health Care facility, and saw Dr. Reginald Shelby, DDS regarding the discomfort she was experiencing. See Notice of Removal, Ex. A ("Am. Compl."). Dr. Shelby removed the remains of the broken tooth from Williams' mouth and she was able to heal. Pl.'s Civil Statement at 7.

On May 18, 2006, Williams filed a tort claim in the Superior Court of the District of Columbia against defendants Unity Health Care, Inc., Upper Cardozo Health Center, and Dr. Reginald Shelby, DDS. See Am. Compl. Defendants removed the action to this Court on August 22, 2006. They did so pursuant to the Public Health Services Act, 42 U.S.C.A. § 233 (West 2003), which provides that an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (2000), is the exclusive remedy for damages resulting from dental malpractice performed by a federal employee acting within the scope of employment. § 233(a), (c); see also 28 U.S.C. §§ 1346(b)(1), 2679(b)(1), (d)(2) (2000). Removal was based on a letter from the Department of Health and Human Services ("HHS") deeming defendants federal employees with respect to services they provided from January 1, 2006, through December 31, 2006. See Notice of Removal at 2, Ex. B at 1 (Dec. 19, 2005 HHS Letter). Defendants then moved to substitute the United States as the sole defendant pursuant to the Westfall Act, 28 U.S.C. § 2679. The Court granted defendants' motion and deemed the action as one under the FTCA. Order, Williams v. Unity Health Care, Inc., No. 06-cv-1486 (D.D.C. Nov. 6, 2006).

## STANDARD OF REVIEW

"[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001); see also Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Although a court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), "'plaintiff[s'] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1990)). At the stage of litigation when dismissal is sought, a plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See Jerome Stevens Pharmaceuticals, Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); St. Francis Xavier Parochial Sch., 117 F.3d at 624-25 n.3; Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir.1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986). Furthermore, the language of Fed. R. Civ. P. 12(b) indicates that only a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted should be converted to a motion for summary judgment when evidence

outside the pleadings is considered. Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987). Thus, the Court will treat defendant's motion as a motion to dismiss.

## ANALYSIS

A plaintiff may only bring suit under the FTCA after she has exhausted all administrative remedies and there has been a final disposition of the administrative claim by the relevant federal agency. McNeil v. United States, 508 U.S. 106, 113 (1993); see also 28 U.S.C. § 2675(a). This exhaustion requirement is fulfilled by submitting to the appropriate agency within two years after the claim accrues "(1) a written statement sufficiently describing the injury . . . and (2) a sum-certain damages claim." GAF Corp. v. United States, 818 F.2d 901, 905 (D.C. Cir. 1987); Edmonds v. United States, 436 F. Supp. 2d 28, 33 (D.D.C. 2006); see also 28 U.S.C. §§ 2401(a), 2675(a); 28 C.F.R. § 14.2(a) (2006). Full compliance with the FTCA exhaustion requirement is mandatory and jurisdictional, including for pro se plaintiffs. See GAF Corp., 818 F.2d at 904.

The filing of an administrative claim is a threshold condition to exhaustion of administrative remedies. However, HHS, the appropriate federal agency in this case, has not received a claim from Williams, see Defs.' Mot. to Dismiss, Ex. 1 (Decl. of Richard G. Bergeron) at 1, nor does Williams contend that she filed an administrative claim with HHS or any other agency. That Williams originally brought suit in state court rather than this Court offers no relief from the requirement that all administrative remedies must be exhausted. See § 2679(d)(4); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). Because Williams failed to file an administrative claim before bringing suit, she did not exhaust her administrative remedies as required by the FTCA, and her action must be dismissed for lack of subject-matter jurisdiction.

Dismissal may not leave Williams entirely without remedy. The Westfall Act specifically addresses the availability of relief "where the United States is . . . substituted as a party defendant and the case is dismissed for failure to exhaust administrative remedies." Norman v. United States, 377 F. Supp. 2d 96, 99 (D.D.C. 2005); see also § 2679(d)(5); Valdez v. United States, 415 F. Supp. 2d 345, 349 (S.D.N.Y. 2006). In such an instance, an administrative claim may be made with the appropriate agency and will be considered timely if (1) the dismissed action was commenced within the two-year limitations period under § 2401(b), and (2) the claim is made within sixty days after dismissal of the civil action. § 2679(d)(5). Williams commenced her original action in Superior Court for the District of Columbia on May 18, 2006, well within two years of her first alleged dental procedure on March 9, 2006. Therefore, Williams may attempt to file an administrative claim with HHS upon dismissal of this action.

## CONCLUSION

The Court finds that Williams did not exhaust her administrative remedies prior to bringing this FTCA action, thus depriving this Court of subject-matter jurisdiction to hear the case. Accordingly, the Court grants defendant's motion to dismiss. A separate Order accompanies this Memorandum Opinion.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Dated: May 25, 2007